```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**JOHN BRASHEARS**                                         **CIVIL ACTION**

**VERSUS**                                                  **NO. 12-1183**

**BURL N. CAIN, WARDEN**                                    **SECTION "J"(5)**

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. §2254(e)(2).  IT IS HEREBY RECOMMENDED that the instant petition be **DISMISSED WITH PREJUDICE** as time-barred.

I.   STATE COURT PROCEDURAL BACKGROUND

The petitioner, John Brashears, is currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[1]  On May 6, 2004, following trial by jury in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Brashears was found

---

[1]Rec. Doc. No. 1.

guilty of second degree murder.[2]  On July 12, 2004, the trial court sentenced Brashears to life imprisonment without benefit of parole, probation, or suspension of sentence.[3]

On April 26, 2005, the Louisiana Fifth Circuit Court of Appeal affirmed Brashears's conviction and sentence but remanded the matter for the purpose of having the trial court advise Brashear's of his two-year time limit for seeking post-conviction relief.[4]  On March 17, 2006, the Louisiana Supreme Court denied Brashears's writ application without opinion.[5]

Brashears's conviction became final 90 days later, on June 15, 2006, when he did not file a writ application with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir.2003) (citing 28 U.S.C. §2244(d)(1)(A); Flanagan v. Johnson, 154 F.3d 196, 200-01 (5th Cir.1998)); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.1999) (citing 28 U.S.C. §2244(d)(1)(A)); U.S. Sup.Ct. R. 13(1).

---

[2]St. Rec. Vol. 3 of 8, Trial Minutes, 5/6/04.

[3]St. Rec. Vol. 3 of 8, Trial Minutes, 07/12/04.

[4]State v. Brashears, 902 So.2d 536 (La. App. 5th Cir. 4/26/05); St. Rec. Vol. 1 of 8, No. 2004-KA-1207.

[5]State v. Brashears, 925 So.2d 538 (La. 2006); St. Rec. Vol. 1 of 8, No. 2005-KO-2007.

On May 1, 2007, Brashears filed an application for post-conviction relief with the state trial court.[6]  On May 23, 2007, the state trial court denied Brashears's post-conviction application.[7]  Brashears filed a motion for reconsideration which the district court denied on July 18, 2007.  On July 31, 2007, the Louisiana Fifth Circuit denied Brashears's writ application.[8]  Brashears did not seek relief from the Louisiana Supreme Court.

On or about January 7, 2011, Brashears filed a "Post Motion to Appoint Experdt [sic] Related to Evidence Rule Nunc Pro Tunc."[9]  Brashears argued that he was denied a fundamental right to present a defense because the trial court did not provide him with "state funded resources to obtain an expert."  On January 14, 2011, the state district court denied relief, providing:

> This matter comes before the court on petitioner's **POST MOTION TO APPOINT EXPERT RELATED TO EVIDENCE RULE NUNC PRO TUNC, STAMPED AS FILED JANUARY 7, 2011**.
> On May 6, 2004, petitioner was found guilty by a jury of LSA-R.S. 14:30.1, relative to second degree murder.  On July 12, 2004, the court sentenced him to [life] in prison . . . .  His conviction and sentence were affirmed on direct appeal.  State v. Brashears, 902 So.2d 536, 04-1207, (La. App. 5 Cir. 4/26/05), writ denied, 05-2007 (La. 3/17/06).  This court previously denied his application for post-conviction relief on May 23, 2007.

---

[6]St. Rec. Vol. 2 of 8.

[7]St. Rec. Vol. 2 of 8.

[8]Brashears v. Cain, No. 2007-KH-525 (La. App. 5th Cir. 7/31/07); St. Rec. Vol. 2 of 8.

[9]St. Rec. Vol. 8 of 8.

3

> Regardless of the caption of his pleading, petitioner seeks post-conviction relief. An application for post-conviction relief is defined as "a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside." La.C.Cr.P. art. 924.
> Post-conviction relief applications are subject to strict procedural requirements. No application for post-conviction relief may be considered if it is filed more than two years after the judgment of conviction and sentence has become final (unless one of four very restricted exceptions apply). La.C.Cr.P. art. 930.8(A). Furthermore, a successive application may be dismissed if it fails to raise a new or different claim. LSA-C.Cr.P. art. 930.4(D).
> The instant pleadings are time barred and successive. For these reasons, the court will not consider them . . . .[10]

On February 14, 2011, Brashears filed with the Louisiana Fifth Circuit a "Supervisory Writ of Review," arguing that the trial court incorrectly modified his pleading into a post-conviction application.[11] On March 24, 2011, the Louisiana Fifth Circuit denied Brashears's writ application, providing:

> In his timely pro se writ application, relator claims that the district court erred in denying his application for post-conviction relief styled as a "Post Motion to Appoint Expert Related to Evidence Rule Nunc Pro Tunc." On the showing made, we find no error in the district court's ruling . . . .[12]

---

[10]St. Rec. Vol. 8 of 8.

[11]Id.

[12]State v. Brashears, No. 2011-KH-169 (La. App. 5th Cir. 3/24/11); St. Rec. Vol. 8 of 8.

4

On March 23, 2012, the Louisiana Supreme Court denied Brashears's writ application without opinion.[13]

## II. FEDERAL HABEAS PETITION

On May 10, 2012, the clerk of this court filed Brashears's petition for federal habeas corpus relief in which he alleges: (1) He received ineffective assistance of trial counsel. (2) The prosecutor improperly made reference to his right against self-incrimination. (3) The trial court erred in admitting the testimony of an unqualified expert. (4) There was insufficient evidence to support his conviction. (5) He received ineffective assistance of appellate counsel. (6) The trial court erred in limiting the examination of prospective jurors. (7) The aggregation of errors mandates a new trial.[14] The State filed a response, arguing that Brashears's petition was not timely filed under federal law and that Brashears failed to exhaust his state court remedies.[15]

## III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C.

---

[13] State ex rel. Brashears v. State, 84 So.3d 565, 2011-KH-908 (La. 2012); St. Rec. Vol. 8 of 8.

[14] Rec. Doc. No. 1.

[15] Rec. Doc. No. 16.

§2254.  The AEDPA went into effect on April 24, 1996[16] and applies to habeas petitions filed after that date.  <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Brashears's petition, which, for reasons discussed below, is deemed filed in this federal court on April 25, 2012.[17]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.

---

[16]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

[17]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for statute of limitations purposes. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999), <u>cert.</u> <u>denied</u>, 529 U.S. 1057 (2000); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995). Brashears's petition was filed by the clerk of this court on May 10, 2012, when the court's filing requirements had been satisfied. Brashears's signature on the petition was dated April 25, 2012. This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing. The fact that he did not satisfy filing requirements until approximately two weeks later does not alter the application of the federal mailbox rule to his pro se petition.

Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. §2254(b),(c)).

The Court finds that Brashears's federal petition is untimely and should be dismissed for that reason.[18]

IV.  STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his §2254 petition within one year of the date his conviction became final.[19]  Duncan v. Walker, 533 U.S. 167, 179–80 (2001).  Brashears's conviction became final on June 15, 2006, when he did not file a writ application with the United States Supreme Court.  Thus, under a literal application of the statute, Brashears had until June 15, 2007, to file his federal habeas petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled, but only when the petitioner has pursued his rights diligently and rare or extraordinary

---

[18]In light of the Court's finding of untimeliness, it is unnecessary for the Court to address the exhaustion issue raised by the State.

[19]The statute of limitations provision of the AEDPA sets forth other triggers for the running of prescription.  None of the other triggers are applicable in this case.

circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Brashears has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and the Court's review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent.  See Holland v. Florida, 130 S.Ct. 2549, 2574–75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599–600 (5th Cir.2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied,

petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir.2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999), cert. denied, 529 U .S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n. 2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. §2244(d)(2).  By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition

may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan v. Johnson</u>, 154 F.3d 186, 99 n. 1 (5th Cir.1998). The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan v. Walker</u>, 533 U.S. 167, 175-78, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

<u>Flanagan</u>, 154 F.3d at 199 n. 1; accord <u>Brisbane v. Beshears</u>, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. 8/27/98)(Table, Text in Westlaw); <u>Gray v. Waters</u>, 26 F.Supp.2d 771, 771-72 (D.Md.1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. <u>Pace</u>, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)"); <u>Williams v. Cain</u>, 217 F.3d 303, 306-07 n. 4 (5th

10

Cir.2000)(quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir.2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir.2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'"

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir.2000)(state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug.30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.

11

Godfrey v. Dretke, 396 F.3d 681, 686–88 (5th Cir.2005).  Requests for document and transcript copies also are not other collateral review for purposes of the tolling calculation.  Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr.12, 1999)(Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F.Supp.2d 585, 587 (E.D.La.2000), aff'd, 239 F.3d 365 (5th Cir.2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D.La. Jan.16, 2002)(Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D.Tex. Aug.13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F.Supp.2d 747, 751–52 (E.D.Mich. Jan.3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

   The one-year AEDPA limitations period began to run in Brashears's case on June 16, 2006, the day after his conviction was final.  The limitation period ran without interruption for 318 days, until May 1, 2007, when Brashears's <u>first</u> state post-conviction application was filed.  On that date, 47 days before the one-year AEDPA statute of limitations expired, Brashears had a properly filed state post-conviction proceeding pending that tolled the AEDPA statute of limitations.  Brashears asserts that his first post-conviction proceeding remained pending in the state courts until March 23, 2012, when the Louisiana Supreme Court denied his

12

writ application.  Because he filed the instant action 33 days later, on April 25, 2012, he claims the instant action is timely.[20]

Brashears's claim is without merit because it is incorrectly based upon the date, March 23, 2012, when the Louisiana Supreme Court denied his second post-conviction proceeding.[21]  Brashears's first post-conviction proceeding, filed May 1, 2007, did toll prescription and it remained tolled during the time the proceeding was pending.  His first post-conviction application, however, was denied by the Louisiana Fifth Circuit on July 31, 2007.  Pursuant to Rule X, §5(a) of the Rules of the Louisiana Supreme Court, Brashears had 30 days from July 31, 2007, until August 30, 2007, in which to timely seek writs from the Louisiana Supreme Court.[22]  Brashears, however, never filed a writ application with the Louisiana Supreme Court and, therefore, 47 days later, on October

---

[20]Rec. Doc. No. 1, p. 19.

[21]See discussion supra at pp. 3-5.

[22]Louisiana Supreme Court Rule X, Section 5(a) provides: An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial or rehearing or the judgment on rehearing. No extension of time therefor will be granted.

13

16, 2007, his one-year statute of limitations expired. Thus, the instant action is time-barred and must be dismissed for that reason.

## RECOMMENDATION

For the foregoing reasons, it is RECOMMENDED that the petition of John Brashears for issuance of a writ of habeas corpus under 28 U.S.C. §2254 be DISMISSED WITH PREJUDICE as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir.1996)(en banc)(citing 28 U.S.C. §636(b)(1)).[23]

New Orleans, Louisiana, this 13th day of May, 2013.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[23]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.